IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THE CINCINNATI INSURANCE COMPANY, | § § § § § § § § § § § § | |
| Plaintiff, | | |
| vs. | | |
| ONE STOP SERVICES, INC. AND ARRIS RESERVE SAN ANTONIO, LLC. | | CIVIL ACTION NO. 5: 20-cv-471 |
| Defendants. | | |

## PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES THE CINCINNATI INSURANCE COMPANY, Plaintiff in the above-entitled and numbered cause, and petitions this Court pursuant to the FEDERAL DECLARATORY JUDGMENT ACT, 28 U.S.C. §§2201 *et seq.* and Rule 57 of the FEDERAL RULES OF CIVIL PROCEDURE for consideration and a declaration of the parties' respective rights and/or obligations under a commercial general liability insurance policy for which Defendant One Stop Services, Inc. is presently seeking a defense and indemnity. Specifically, Plaintiff seeks a declaratory judgment with respect to a pending state court action: a civil suit brought by Defendant Arris Reserve San Antonio LLC alleging construction defects against Spartan Contracting Corporation, after which Spartan Contracting Corporation commenced a third party action against Defendant One Stop Services, Inc. In support of its Complaint for Declaratory Relief, Cincinnati would respectfully show the Court as follows:

# I.
# PARTIES

1. Plaintiff, The Cincinnati Insurance Company, (hereinafter "Cincinnati") is a commercial liability insurance carrier incorporated in Delaware with its headquarters and principal place of business in Cincinnati, Ohio. It is citizen of the states of Ohio and Delaware.

2. Defendant One Stop Services, Inc. ("One Stop") is a domestic corporation, a citizen of the state of Texas, incorporated in the state of Texas, and duly organized and existing under the laws of the State of Texas. It is not a citizen of the States of Ohio or Delaware. One Stop's principal place of business is located at 5401 Bandera Rd San Antonio, TX 78238. Service may be made upon One Stop by serving its Registered Agent, Jim Flores, at One Stop's registered office located at 5401 Bandera Rd San Antonio, TX 78238.

3. Arris Reserve San Antonio, LLC ("Arris Reserve") is a citizen of the State of Texas and a limited liability company registered in Texas, with its principle office in San Antonio, Texas. It is not a citizen of the States of Delaware or Ohio. Arris may be served with process through its registered agent, Richard Owen at 3824 Villanova St., Houston Texas 77005.

# II.
# JURISDICTION AND VENUE

4. This declaratory judgment action is brought under 28 U.S.C., §§ 2201 *et seq.* and Rule 57 of the FEDERAL RULES OF CIVIL PROCEDURE, for the purpose of determining a question of actual controversy between the parties, as hereinafter more fully set forth. The jurisdiction of this Court is proper under 28 U.S.C. § 1332, based upon the diversity of citizenship between the Plaintiff and Defendants, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5. Venue is properly maintained in this Court pursuant to 28 U.S.C. § 1391 as the

judicial district in which some of the defendants reside, where a substantial part of the events giving rise to this action for declaratory relief occurred, and it is the judicial district overseeing the Underlying Lawsuit at issue in the present Declaratory Judgment Action.

## III.

## INSURING AGREEMENT MADE THE BASIS OF THIS ACTION

6. Cincinnati issued a Commercial General Liability Policy and Umbrella Liability Policy to One Stop, the Named Insured, policy number **EPP 007 75 72**, for the period May 16, 2017 to May 16, 2018 (hereinafter collectively referred to as the "Policy").

7. The terms and conditions of the Policy having relevance here are as follows:

**********

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

. . .

**SECTION I – COVERAGES**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.** **Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . .

    . . .

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

        **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

. . .

**2. Exclusions**

This insurance does not apply to:

. . .

**l. Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

. . .

**SECTION V- DEFINTIONS**

. . .

**6.** "Coverage Territory" means:

**a.** The United States of America (including its territories and possessions)…

. . .

**16.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**17.** "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

. . .

**19.** "Products-completed operations hazard":

**a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

**(1)** Products that are still in your physical possession; or
**(2)** Work that has not yet been completed or abandoned. . .

. . .

**21.** "Suit" means a civil proceeding in which money damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes

    **a.** An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent;

    **b.** Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent; or

    **c.** An appeal of a civil proceeding.

. . .

**22.** "Your work"

    **a.** Means:

        **(1)** Work or operations performed by you or on your behalf; and

        **(2)** Materials, parts or equipment furnished in connection with such work or operations.

    **b.** Includes:

        **(1)** Warranties or representations made at any time with respect to fitness, quality, durability, performance or use of "your work"; and

        **(2)** The providing of or failure to provide warnings or instructions.

. . .

### COMMERCIAL UMBRELLA LIABILITY COVERAGE FORM

. . .

### SECTION I - COVERAGE

**A. Insuring Agreement**

    **1.** We will pay on behalf of the insured the "ultimate net loss" which the insured is legally obligated to pay as damages for "bodily injury", "personal and advertising injury" or "property damage" to which this insurance applies:

        **a.** Which is in excess of the "underlying insurance"; or

        **b.** Which is either excluded or not insured by "underlying insurance".

    **2.** This insurance applies to "bodily injury", "personal and advertising injury" or "property damage" only if:

      **a.**    The "bodily injury", "personal and advertising injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

      **b.**    The "bodily injury" or "property damage" occurs during the policy period shown in the Declarations; or

. . .

**B.**    **Exclusions**

This insurance does not apply to:

. . .

    **7.**    **Damage to Your Work**[1]

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor, provided such liability is insured by valid and collectible "underlying insurance", as listed and described in the Schedule of Underlying Insurance, and then only for such hazards for which coverage is afforded by such "underlying insurance."

. . .

### SECTION V- DEFINITIONS

. . .

**6.**    "Coverage Territory" means anywhere.

. . .

**16.**    "Occurrence" means:

      **a.**    an accident, including continuous or repeated exposure to substantially the same general harmful conditions that results in "bodily injury" or "property damage"; or …

. . .

**19.**    "Products-completed operations hazard":

      **a.**    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

---

[1] As modified by Form US 3010 12 04.

   **(1)**  Products that are still in your physical possession; or

   **(2)**  Work that has not yet been completed or abandoned. …

20. "Property damage" means:

  **a.**  Physical injury to or destruction of tangible property including all resulting loss of use. All such loss of use shall be deemed to occur at the time of the physical injury or destruction that caused it; or

  **b.**  Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

. . .

22. "Suit" means a civil proceeding in which money damages because of "bodily injury", "personal and advertising injury" or "property damage" to which this insurance applies are alleged. "Suit" includes:

  a.  An arbitration proceeding in which such money damages because of "bodily injury", "personal and advertising injury" or "property damage" to which this insurance applies are alleged. "Suit" includes:

    **a.**  Any other alternative dispute resolution proceeding in which such money damages are claimed and to which the insured submits with our consent; or

    **b.**  An appeal of a civil proceeding.

. . .

24. "Ultimate net loss" means the sum actually paid or payable in the settlement or satisfaction of the insured's legal obligation for damages, covered by this insurance, either by adjudication or compromise. "Ultimate net loss" does not include Defense and Supplementary Payments as described in SECTION I – COVERAGE, C. Defense and Supplementary Payments of this Coverage Part.

25. "Underlying insurance" means the insurance listed in the Schedule of Underlying Insurance and the insurance available to the insured under all other insurance policies applicable to the "occurrence". "Underlying insurance" also includes any type of self-insurance or alternative method by which the insured arranges for funding of legal liabilities that affords coverage that this Coverage Part covers.

. . .

**********

## IV.

## UNDERLYING LITIGATION

8. On August 21, 2019, Spartan Contracting Corporation ("Spartan") was sued in the following state court action by plaintiff Arris Reserve, which is currently pending in District Court in Bexar County, Texas:

*Arris Reserve San Antonio, LLC v. Spartan Contracting Corporation*, Cause No. 2019CI17064, in the 37th Judicial District Court in Bexar County, Texas (the "Underlying Lawsuit").

9. On October 3, 2019, Spartan filed "Defendant, Spartan Contracting Corporation's Original Third-Party Petition and Request for Disclosure" ("Third-Party Petition") against One Stop in the Underlying Lawsuit. A copy of the Third-Party Petition is attached hereto as "**Exhibit A**."

10. As alleged in the Third Party Petition, the Underlying Lawsuit is for damages for the defects stemming from an interior renovation project at The Reserve at UTSA/San Antonio Unit Upgrades, located in San Antonio, Texas 78249 ("Project"). Arris Reserve alleges that the defects were caused by the acts and omission of Spartan and its subcontractors. Relevant to the claims against One Stop, the Third Amended Petition alleges, in part, the following:

**********

IV.

FACTS

4. This lawsuit arises out of an interior renovation project at The Reserve at UTSA ("Project") in San Antonio, Bexar County, Texas.

5. Spartan was the general contractor on the Project.

6. Spartan executed a Subcontract with Third-Party Defendant to "furnish all supervision, labor, tools, equipment, services, materials and supplies necessary to perform the work herein." See **Exhibit 1**, Subcontract Agreement.

7. The Subcontract required that Third-Party Defendant warrant and guarantee its work, perform its work in a quality manner, and defend and indemnify Spartan for claims and losses resulting from Third-Party Defendant's failure to perform its contractual obligations or to satisfy statutory or common law duties.

8. According to Plaintiff, Plaintiff "has suffered physical injury to tangible property" and "economic losses as a result of property damage caused by the actions, errors, and omissions of Spartan and its subcontractors." Spartan denies Plaintiff's allegations.

9. On August 20, 2019, Plaintiff filed an original petition and commenced this case. Plaintiff asserts claims of negligence, purports to assert other unspecified claims against Spartan, and seeks damages in excess of $1,000,000. A true and correct copy of Plaintiffs original petition, which provides further detail as to the nature of Plaintiffs claims, is attached as Exhibit 2.

. . .

**********

11. To that end, Spartan brings claims against One Stop for contractual indemnity, breach of contract, breach of warranty, contribution, and negligence.

## V.

## ONE STOP'S TENDER TO CINCINNATI

12. One Stop has formally tendered the Underlying Lawsuit to Cincinnati for defense and indemnity. Cincinnati is currently defending One Stop in the Underlying Lawsuit, under reservation of rights.

## VI.

## BASIS FOR DECLARATORY RELIEF

13. Cincinnati seeks a declaration from the Court that (1) it owes no duty to defend or indemnify One Stop in the Underlying Lawsuit for the damages being sought against One Stop by Spartan in the Third Party Petition as the legally undisputable evidence will establish that the **Damage to Your Work** exclusion in the Policy applies to preclude any duty to defend, and, alternatively, (2) that it owes no duty to indemnify One Stop for the damages being sought against One Stop by Spartan in the Underlying Lawsuit because the undisputable evidence will

clearly establish that the **Damage to Your Work** exclusion in the Policy applies to preclude said duty.

14. Upon information and belief, the undisputable evidence will show that the damages sought against One Stop in the Underlying Lawsuit constitute property damage that was caused by One's Stop's work on the Project inasmuch as the alleged construction defects were caused by work or operations performed by One Stop, and/or material, parts, or equipment furnished in connection with One Stop's work or operations as One Stop installed flooring and the property damage resulted from defective installation of flooring on the Project. Because the undisputed evidence will show that the underlying loss, claims, and property damage which are the subject of the Underlying Lawsuit arise out of One Stop's flooring work on the Project, the **Damage to Your Work** exclusion in the Policy applies to preclude Cincinnati's duties under the Policy.

## VII.

## ATTORNEY'S FEES

15. Cincinnati has been required to retain legal counsel to represent it and to prosecute this Complaint for Declaratory Judgment. Plaintiff is entitled to its reasonable and necessary attorneys' fees, pursuant to 28 U.S.C. § 2202.

## VIII.

## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Cincinnati Insurance Company prays for judgment as follows:

    (1)    a judgment declaring that the Cincinnati Policy provides no coverage for the damages being sought against One Stop in the Underlying Lawsuit, including no duty to defend One Stop in the Underlying Lawsuit and no duty to indemnify One Stop if there is

ultimately a judgment entered against One Stop in the Underlying Lawsuit;

(2) a judgment declaring Cincinnati has no contractual or extra-contractual obligations to One Stop with regard to the Underlying Lawsuit;

(3) a judgment against One Stop for Cincinnati's costs of court and all necessary and reasonable attorneys' fees; and

(4) a judgment for such other and further relief, general or specific, legal or equitable, to which Cincinnati may show itself to be justly entitled.

Respectfully submitted,

**FANNING HARPER MARTINSON BRANDT & KUTCHIN, P.C.**

*/s/ George L. Lankford*
**GEORGE L. LANKFORD**
Attorney of Record
State Bar No. 11934800
glankford@fhmbk.com
**MARIAM SHAKIR**
State Bar No. 24108826
mshakir@fhmbk.com
Two Energy Square
4849 Greenville Ave., Suite 1300
Dallas, Texas 75206
(214) 369-1300
(214) 987-9649 fax

**ATTORNEYS FOR PLAINTIFF THE CINCINNATI INSURANCE COMPANY**

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF  PAGE 11
29169/657258